COWART, Judge.
This is a paternity case.
As is typical in such cases Mary testified to facts the truth of which would prove that only Lloyd could be the father of her child. Lloyd denied he was and said he was not around Mary at the crucial time. Mary’s three sisters and a friend testified Lloyd was around Mary often at the relevant time and also later, after the birth of the child, Lloyd came around some, and once with a case of milk and a box of diapers. The Human Leukocyte Antigens (HLA) blood test revealed a 98.79 percent probability that Lloyd was the father as compared to the random unrelated North American black male population. Not satisfied Lloyd had another (Extended Red Blood Cell Enzyme and Serum Protein) test made, the result of which, when combined with the HLA test, indicated an overall 97.61 percent relative chance that Lloyd was the man.
At the conclusion of the testimony the trial judge announced that he did not need final argument of counsel and that none of the witnesses had too much credibility and
Furthermore, her [Mary’s] explanation as to why the child’s father’s name was not mentioned in the birth certificate didn’t hold water — . They will put down the name of anybody on a birth certificate that [anyone who] gives the information says was the parent. — Actually, for every illegitimate child case I’ve ever had, the alleged father has been named in the birth certificate. — [Under] the circumstances I will have to find that the plaintiff has failed to prove the necessary allegations of her complaint and judgment will be so entered.
Section 382.16(5)(c), Florida Statutes (1981), provides:
If the mother was not married at the time of either conception or birth, the name of the father shall not be entered on the certificate of birth without the written consent of the mother and- the person to be named as the father, in which case, upon the request of both parents in writing, the surname of the child shall be that of the father.
Relying on an erroneous impression as to the correct rule of law, the trial court may have disregarded the manifest weight of the evidence in finding no paternity. We reverse and remand for a new trial.
REVERSED AND REMANDED.
ORFINGER, C.J., and COBB, J., concur.